**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GLENDON A. BAKER, #1844955,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:13-CV-4313-L-BK** |
| | § | |
| | § | |
| **DEPUTY SHERIFF OFFICER AUSTIN,** | § | |
| **et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On September 30, 2013, Plaintiff, a former Dallas County Jail inmate, filed this *pro se* civil rights Complaint under 42 U.S.C. § 1983 against Dallas County Sheriff Deputies Austin and Volmer and Commander Richley.  He complains of Defendants' verbal abuse and harassment and refusal to provide medical assistance following an asthma attack Plaintiff suffered on February 2, 2013.  (Doc. 1 at 3-4).  The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.  For the reasons that follow, this case should be summarily dismissed as to Deputy Volmer and Commander Richley.[1]

**I. ANALYSIS**

Because Plaintiff is proceeding *in forma pauperis*, the Complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law

---

[1] Plaintiff initially filed this action in the United States District Court for the Eastern District of Texas, which in turn transferred the action to this Court because the events occurred at the Dallas County Jail.  (Doc. 1, 4).

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.

Section 1983 establishes civil liability for any person who, under color of law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  However, under that section, supervisory government employees are only liable for their own misconduct, and are not vicariously responsible for the misfeasance, negligence, or omissions of duty of those employed or supervised by them.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (cited cases omitted).  Moreover, mere verbal abuse or harassment by a prison guard does not amount to a constitutional violation cognizable in a Section 1983 action.  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most liberal construction, however, Plaintiff's claims against Defendants Volmer and Richley are frivolous.

Plaintiff does not plead any direct involvement by Commander Richley, alleging only the fact of his supervisory authority over the personnel involved in the February 2013 events at issue.  In answer to the Court's Questionnaire, Plaintiff confirms that he sues Richley only in his capacity as Commander of the Dallas County Jail.  (Doc. 10 at 6-7.)  While Plaintiff avers that he spoke to Richley about Austin's alleged actions after the February 2013 incident in an attempt "to come to some common ground" (*Id.*), Plaintiff does not assert that Richley personally

participated, or authorized others to act or fail to act, with respect to the alleged denial of medical care.  Therefore, Plaintiff's claims against Richley should be dismissed as legally frivolous, and Commander Richley should be terminated as a defendant in this action.

Furthermore, Plaintiff's only allegation against Officer Volmer is that he was verbally abusive and harassing: "He called me all kinda homosexuals, curse words … [and] state that he didn't care or give a dam about me or if I lived …, I was called out of my name so many times." (Doc. 10 at 5).  Because such allegations are not cognizable in a section 1983 action, Plaintiff's claims of verbal abuse against Deputy Volmer are legally frivolous and should also be dismissed, and Deputy Volmer should likewise be terminated as a defendant in this action.

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that all claims against Defendants Volmer and Richley be summarily **DISMISSED** with prejudice as frivolous and that Volmer and Richley be terminated as defendants.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).[2]

SIGNED January 23, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Contemporaneously with this recommendation, the Court has ordered the issuance of process on Plaintiff's claim against Officer Austin for denial of medical assistance following the February 2013 asthma attack.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE